AMERICAN STEAM GAUGE CO., (UNITED STATES STEAM GAUGE CO. v.)

[See United States Steam Gauge Co. v. American Steam Gauge Co., Case No. 16,794.]

AMERICAN STEAMSHIP CO., (BRADY v.)

[See The Pennsylvania, Case No. 10,951.]

AMERICAN STEAMSHIP CO., (COSTELLO v.)

[See Costello v. American Steamship Co., Case No. 3,263.]

AMERICAN STEAMSHIP CO., (DOUGHERTY v.)

[See Dougherty v. American Steamship Co., Case No. 4,023.]

AMERICAN STEAMSHIP CO., (KIRKPATRICK v.)

[See Kirkpatrick v. American Steamship Co., Case No. 7,846.]

AMERICAN STEAMSHIP CO., (KNEE v.)

[See Knee v. American Steamship Co., Case No. 7,877.]

AMERICAN TOOL & MACH. CO., (AMERICAN HIDE & LEATHER SPLITTING & DRESSING MACH. CO. v.)

[See American Hide & Leather Splitting & Dressing Mach. Co. v. American Tool & Mach. Co., Case No. 302.]

AMERICAN TRANSP. CO., (KING v.)

[See King v. American Transp. Co., Case No. 7,787.]

AMERICAN UNION TEL. CO., (WESTERN UNION TEL. CO. v.)

[See Western Union Tel. Co. v. American Union Tel. Co., Case No. 17,444.]

# Case No. 318.

In re AMERICAN WATER-PROOF CLOTH CO.

[1 Ben. 526; 3 N. B. R. 285, (Quarto, 74.)][1]

District Court, E. D. New York. Oct., 1867.

APPOINTMENT OF TRUSTEES BY CREDITORS—PRACTICE ON MOVING CONFIRMATION.

Where creditors of a bankrupt had adopted a resolution appointing trustees under section forty-three of the bankruptcy act, the confirmation of which was opposed; Held, That the parties desiring the confirmation of the resolution were the moving parties, and should serve their papers on the opposing parties that they might answer them.

In bankruptcy. In this case, the creditors had adopted a resolution, under section forty-three of the bankrupt act, appointing trustees, and the matter of confirming the resolution came up before the court. Some of the parties interested contested the confirmation of the resolution, and the question of the practice in such a case was discussed.

BENEDICT, District Judge, held that the parties desiring the confirmation of the resolution should be considered the moving parties, and directed that they should, within a week, file and serve such papers as they saw fit in support of their motion, and that the opposing parties have two weeks to file and serve papers in opposition thereto.

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]